IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 7:13-19-TMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Michael Christopher Nicolai, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Michael Christopher Nicolai's ("Nicolai") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 78). The Government filed a response requesting that the court deny the motion. (ECF No. 89). For the reasons set forth below, Nicolai's motion is denied.

## I. Procedural History

On January 8, 2013, Nicolai was indicted for possessing images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 2). On May 5, 2013, Nicolai pled guilty to the charge and on September 17, 2013, the court sentenced him to 110 months imprisonment and five years of supervised release. (ECF Nos. 35 and 52).[1] Judgment was entered on September 20, 2013. (ECF No. 53). On October 4, 2013, Nicolai filed an appeal, and on March 18, 2014, the Fourth Circuit Court of Appeals affirmed the court's judgment. (ECF Nos. 56 and 72). Nicolai did not seek further review.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise

---

[1]This case was originally assigned to the Honorable G. Ross Anderson, Jr. It was reassigned to the undersigned on June 21, 2016. (ECF No. 82).

subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 621-22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

### III. Discussion

In the instant motion, Nicolai seeks relief pursuant to the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which found the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)(ii), was void for vagueness and, therefore, unconstitutional. Subsequently, on April 18, 2016, in *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review. Nicolai contends that that his conviction for a violation of 18 U.S.C. § 2252 and his sentence enhancement under § 2G1.3 of the United States Sentencing Guideline are void as these code and Guideline sections are unconstitutionally vague. In response, the Government contends this petition is untimely and also fails on its merits. Specifically, the Government argues that *Johnson* is inapplicable as Nicolai was not sentenced under the ACCA or as a career offender.

First, as the Government points out Nicolai's claim under *Johnson* is without merit because Nicolai was not sentenced under the ACCA, or as a career offender under U.S.S.G. § 4B1.1. The holding in *Johnson* and its progeny have no effect on the statute or enhancements for possessing child pornography. *See United States v. Wyatt* Cr. No.3:12-899-CMC, 2016 WL

2

6157493 (D.S.C. Oct. 24, 2016). The holding in *Johnson* is limited to the ACCA, and does not extend to the offense of child pornography. Moreover, in *Beckles v. United States*, the Supreme Court clarified that the reasoning behind the *Johnson* decision does not apply in the context of the Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). In *Beckles*, the Court held that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S. Ct. at 893. Nicolai does not explain how *Johnson* could apply to his child pornography conviction or sentence. Accordingly, he has no potential claim under *Johnson* or *Welch*.

Moreover, the court finds this motion is untimely A one-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applies. If *Johnson*, which was made retroactive by *Welch,* applies, Nicolai could potentially utilize the

3

statute of limitations in § 2255(f)(3).  However, if *Johnson* does not apply, his § 2255 motion is untimely, as it was filed over a year after his conviction became final.  As discussed above, Nicolai does not have a valid *Johnson* claim as he was not sentenced as a armed career criminal or a career offender under the Sentencing Guidelines.  Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).

## IV. Conclusion

For th foregoing reasons, Nicolai's § 2255 Motion (ECF No. 78) is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 2, 2018